UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RAFEL ANTION JACKSON**     **CIVIL ACTION NO. 18-0512**

                             **SECTION P**

**VS.**

                             **JUDGE TERRY A. DOUGHTY**

**CHARLES R. JOHNSON, ET AL.**     **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Rafel Antion Jackson, a detainee at River Bend Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on April 13, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Charles Ray Johnson, Dorthy Lee, Chris Walker, Malcolm Welch, Chad Lee, and Danny Lively.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

## Background

Plaintiff alleges that on March 11, 2018, at Franklin Parish Detention Center, Defendant Lee, at the behest of Defendant Johnson, unreasonably or unlawfully strip searched his girlfriend, Felicia R. Bruce. Plaintiff alleges that Defendant Johnson falsely accused Felicia of bringing contraband—two sodas—into the detention center. According to Plaintiff, Defendants knew that Felicia did not bring the sodas into the facility because Defendant Lively and others saw Plaintiff bring the sodas to the visitation room. Plaintiff maintains that Defendants conducted the unlawful search because he and his girlfriend are an interracial couple.

Plaintiff alleges further that Defendant Walker unlawfully strip searched him. Defendant

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Walker allegedly admitted that he had no cause for the search, but "said he had to follow [the] Captain's orders . . . ."

Plaintiff also alleges that Defendant Johnson transferred him to another facility in retaliation for filing two grievances. He claims that Johnson offered to withdraw the transfer order if Plaintiff "tore up" the grievances. Plaintiff obliged, but Johnson did not withdraw the order.

Plaintiff alleges that Defendants' actions amounted to mental abuse and caused him to break up with Felicia, resulting in a broken heart beyond repair. Plaintiff also suffered humiliation, grief, emotional and mental anguish, weight loss, and hair loss. He asks the Court to fire all of the officers involved and he seeks between $52,000.00 and $200,000.00 for mental anguish.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Standing**

Plaintiff lacks standing to pursue monetary relief on behalf of his girlfriend, Felicia. Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Ivy v. Evans*, 2014 WL 1747767, at *1 (S.D. Miss. Apr. 30, 2014), for example, the court held that the plaintiff had no standing to assert that officials at a detention facility harassed and unnecessarily searched his visitor. See *Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan.4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[3]

In addition, Plaintiff may not act as counsel for Felicia. See, e.g., *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th

---

[3] See also *Williams v. Natchitoches Police Dep't*, 2014 WL 4629604, at *2 (W.D. La. Sept. 15, 2014) (dismissing a plaintiff's claim that police harassed the plaintiff's mother); *James v. York Cty. Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005) (holding that the plaintiff "could not bring claims of police harassment on behalf of his wife or her sister."); *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993) ("[Plaintiff] lacks standing to complain about injuries to his friends."); see generally *Niehus v. Liberio*, 973 F.2d 526 (7th Cir. 1992) (holding that a wife, who attributed the breakup of her marriage to psychological consequences of her husband's injury at defendants' hands, could not recover damages under the Constitution for loss of consortium).

Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

Here, the Court will consider only the alleged harm that Plaintiff personally suffered. Accordingly, the claims that Plaintiff raises on behalf of his girlfriend, Felicia, should be dismissed with prejudice.

### 3. Termination of Employment

Plaintiff asks the Court to discharge all of "the officers involved." [doc. # 1, p. 4]. Federal courts are not prison managers or personnel directors. See *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Courts "will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." *Royal v. Clark*, 447 F.2d 501, 501-02 (5th Cir. 1971). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); see *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Here, accordingly, Plaintiff's request to discharge "the officers involved" should be dismissed.

### 4. Limitation on Recovery

Aside from his request for this court to discharge Defendants, Plaintiff seeks only compensatory relief for the mental anguish he suffered following an allegedly unconstitutional search and retaliatory transfer. [doc. # 1, p. 4]. Plaintiff may not, however, recover compensatory damages for his alleged mental and emotional injuries because he does not allege

the requisite physical harm. See 42 U.S.C. § 1997e(e).[4] While Plaintiff does allege that he lost weight and hair, these alleged injuries are *de minimis*. See *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing

that the "physical injury required by § 1997e(e) must be more than de minimus [sic], but need not be significant.").[5] Accordingly, as Plaintiff only seeks compensatory relief for mental anguish stemming from his search and retaliation claims, these claims should be dismissed for failure to state claims on which relief can be granted.

**5. Motion for Account History**

On May 8, 2018, Plaintiff moved to subpoena his "account history," ostensibly to obtain in forma pauperis status. [doc. # 5]. The Court, however, granted Plaintiff in forma pauperis on May 9, 2018. Thus, this motion should be denied as moot.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Rafel Antion Jackson's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

---

[4] See also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

[5] See also *Devillier v. Calcasieu Par. Sheriff's Dep't*, 2007 WL 2737678, at *4 (W.D. La. Aug. 6, 2007) (holding that a plaintiff could not recover compensatory damages for mental anguish that he suffered as a result of defendant's actions towards his children); *Parker v. Carter*, 2013 WL 3157913, at *3 (S.D. Tex. June 20, 2013) (holding that losing 38 pounds as a result of anxiety was "not sufficient to demonstrate that he suffered a 'physical injury' . . . .); *Amir-Sharif v. Dallas Cty.*, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006) ("Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more.").

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Account History, [doc. # 5], be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 25th day of June, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE